# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

                Plaintiff,       Case No. 16-cr-20189

v.                         Judith E. Levy
                            United States District Judge

Brian Wendell Edwards,

                        Mag. Judge Elizabeth A.
            Defendant.   Stafford

_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION TO VACATE SENTENCE [34]

Before the Court is Defendant Brian Wendell Edwards' motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 34.) For the reasons set forth below, the motion is DENIED.[1]

## I.    Background

Sometime in late 2014 or early 2015, Defendant asked his girlfriend's father, Jessie Fuentes, to store a locked suitcase for Defendant at his residence. On April 29, 2015, Defendant was arrested by a St. Clair County drug task force and charged in state court with

---

[1] The Court apologizes to Defendant for the delay in resolving his motion.

possession with intent to distribute controlled substances. On May 5, 2015, Fuentes went to the St. Clair County Sheriff's Department and reported that he was in possession of Defendant's suitcase and that he wanted to turn it over to law enforcement. When officers arrived at Fuentes' residence, Fuentes brought the suitcase out of the shed where it was stored and placed it on the driveway. The officers then used a canine to inspect the suitcase, and the dog alerted. After taking the suitcase to their office, the officers secured a search warrant for the suitcase. (ECF No. 34, PageID.180.) Inside the suitcase were five guns (four rifles and one pistol), seven boxes of ammunition, several loaded magazines, a small amount of marijuana, and numerous documents bearing Defendant's name. This evidence was subsequently turned over to federal prosecutors.

On March 17, 2016, Defendant was charged in a one-count indictment with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) On February 21, 2017, Defendant pled guilty pursuant to a written plea agreement. (ECF No. 25.) On June 30, 2017, the Court sentenced Defendant to 36 months' imprisonment, consecutive

to his sentence in state court. (ECF No. 32.) The judgment was entered on July 5, 2017. (*Id.*)

On or about February 25, 2022, Defendant filed the present motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 34.) In his motion, Defendant asserts that his trial counsel, David C. Tholen, was constitutionally ineffective because he (i) failed to conduct an investigation, (ii) refused to file a pretrial motion to suppress, (iii) did not move to withdraw Defendant's plea before sentencing, (iv) failed to file a notice of appeal and request for appointment of appellate counsel, and (v) failed to apprise Defendant of the one-year statute of limitations for motions under § 2255. (*Id.* at PageID.150–164.) Defendant also contends that the state officers' use of a canine to search the suitcase was without probable cause and violated Defendant's Fourth Amendment rights. (*Id.* at PageID.165–178.) On March 25, 2022, the government filed a response, asserting that Defendant's motion was untimely. (ECF No. 38.) Defendant did not file a reply.

## II.    Analysis

### A.    Defendant's Motion is Untimely

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), motions under § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). In general, the limitations period begins to run on "the date on which the judgment of conviction becomes final."[2] *Id.* § 2255(f)(1). "[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Sanchez-Castellano v. United States,* 358 F.3d 424, 427 (6th Cir. 2004). "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the judgment . . . being appealed." Fed. R. App. P. 4(b)(1)(A).

Here, the Court entered the judgment on July 5, 2017. (ECF No. 32.) Therefore, the time to appeal expired and the judgment became final on July 19, 2017. Pursuant to § 2255(f)(1), the deadline for Defendant to

---

[2] Defendant has not demonstrated that any of the other accrual periods under § 2255(f) are applicable here. *See* 28 U.S.C. § 2255(f)(2)–(4).

file a motion to vacate under § 2255 was July 5, 2018. But Defendant filed the present motion to vacate on February 25, 2022—1,331 days after the statute of limitations expired. Accordingly, Defendant's motion is barred under § 2255(f)'s one-year statute of limitations.

### B.    Defendant is Not Entitled to Equitable Tolling

Defendant asserts that he is entitled to equitable tolling of the one-year statute of limitations because his trial counsel failed to file a notice of appeal and failed to apprise him of the one-year statute of limitations for filing a motion to vacate under § 2255. (ECF No. 34, PageID.170.) He further contends that the Court should presume that these alleged failures prevented Defendant from timely filing his motion. (*Id.*) The Court does not agree.

"The one-year statute of limitations for filing a § 2255 petition is subject to equitable tolling." *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (quoting *Johnson v. United States*, 457 F. App'x 462, 469 (6th Cir. 2012)). "[E]quitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* (alteration in original) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783

(6th Cir. 2010)). In the habeas context, "[a] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Giles v. Beckstrom*, 826 F.3d 321, 325 (6th Cir. 2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Here, Defendant does not satisfy either requirement for equitable tolling. In his motion, Defendant explains:

> While serving the remainder of his sentence in the Michigan Department of Corrections for his state conviction, legal writers in the prison law library help[ed] [Defendant] discover[ed] information contrary to the erroneous advi[c]e of his trial counsel and from that moment, [Defendant] sought and obtained help from [other inmates] to file his pro[ ]se Motion to Vacate.

(ECF No. 34, PageID.149; *see also id.* at PageID.152.) But Defendant was already serving his state sentence when the judgment in this case was entered in July 2017, and he fails to explain how he has diligently pursued his rights during the intervening four and a half years. *See Kendrick v. Rapelje*, 504 F. App'x 485, 487 (6th Cir. 2012) (explaining that a five-month delay may constitute a lack of diligence). Moreover, his trial counsel's failure to inform him of the one-year statute of limitations does not constitute extraordinary circumstances that prevented him from

timely filing his motion. *See Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *Webb v. United States*, 679 F. App'x 443, 448 (6th Cir. 2017) ("[A] petitioner's ignorance of a legal claim does not toll the § 2255 deadline."); *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (explaining that "ignorance of the law alone is not sufficient to warrant equitable tolling"). Accordingly, Defendant is not entitled to equitable tolling of the one-year statute of limitations.

## C.    Certificate of Appealability

Before a defendant may appeal a final order denying a motion to vacate under § 2255, he must obtain a certificate of appealability from either the district court or the circuit court. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Under Rule 11 of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." When a district court denies the motion on procedural grounds without reaching the defendant's underlying constitutional claim, a certificate of appealability "should issue when the [defendant] shows, at least, that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not debate the Court's procedural finding that Defendant's § 2255 motion is untimely and the equitable tolling does not apply. Accordingly, the Court denies Defendant a certificate of appealability.

### III. Conclusion

For the reasons set forth above, the Court DENIES Defendant's motion to vacate his sentence (ECF No. 34) and DENIES Defendant a certificate of appealability.

Additionally, the Court DENIES Defendant's request for a status update (ECF No. 42) as MOOT.

IT IS SO ORDERED.

Dated: August 19, 2024              s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 19, 2024.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager